McBRIDE, Judge.
Plaintiffs (respectively, the insurer-partial subrogee and the owner of a Buick automobile) recovered judgment for $225 from the owner-operator and insurer of a taxicab for damages caused by the running into of the said automobile by the taxicab on the morning of September 2, 1958, at the intersection of Esplanade Avenue and Marais Street, and the defendants have appealed. Defendants admit the accident, but their defense is that whilst the taxicab was stopped on the neutral ground of Esplanade Avenue at Marais Street await *318 ing a clearance of traffic so that it could proceed uptown on Marais Street, it was negligently struck in the rear by another automobile which knocked it forward and into the Cuccia automobile which was in the line of passing cars.
Thus, the defendants are pleading that the negligence of a third party was the sole proximate cause of the mishap, and under these circumstances we believe it proper to assign the burden of proving such defense to the defendants. Therefore, such evidence as was submitted bearing on the special defense made must be carefully scrutinized in order to ascertain the bona fides thereof.
The driver of the taxicab states that his vehicle was stopped on the neutral ground awaiting favorable opportunity to traverse the traffic lane in which the Cuccia automobile was traveling; that while the cab was so stopped, the sudden crash from the rear came with the result that he could do nothing to avert the accident. He explains that when the cab came to rest after striking the automobile, he alighted therefrom and only turned his attention to the automobile which he says struck the cab in the rear after he had ascertained no one in the Cuccia car had been injured. By this time he says the other car was backing away and was then driven out Esplanade Avenue. He was not able to obtain the license number and he could only describe the car as a green Ford which was being driven by a man. The cab driver does mention that the blow to the rear of the cab inflicted an indentation in and bent the rear bumper, but he states he repaired the slight damage himself.
The policeman who investigated the accident, called by the defense, testified he noticed the indentation and bend in the rear bumper and also observed a mound of dirt which he thought could have fallen from the undercarriage of the cab as a result of the impact when struck by the other car. However, the witness was confronted with his written report, and this, we notice, does not contain any mention of the mound of dirt. The other witness produced by defendants was an investigator for the cab company who visited the scene after the accident. He testified to the existence of the bent bumper but made no mention whatever of the mound of dirt alluded to by the policeman.
For success defendants must be relegated to dependency on the cab driver’s testimony alone. The police officer and the investigator were not eyewitnesses and their evidence, of course, is not helpful. The bend or dent in the bumper of itself proves nothing unless the cab driver’s testimony that the other car put it there is to be accepted. The officer did mention that the dent appeared “fresh,” but there is nothing in his testimony which shows how he arrived at such a conclusion. The officer was the only one to mention the mound of debris, notation of the existence of which is not included in his official report. Even if it be a fact that the dirt mound did exist, none of the three witnesses could possibly have stated with any degree of certainty that the dirt dropped from the cab.
Knowing human nature to be what it is, our thought is that the first thing the cab driver would do after recovering from the shock or surprise of being struck in the rear, if an impact had actually taken place, would have been to make immediate attempt to learn the identity of the culprit who ran into his car. But there was no such reaction here, the witness conceding he made no attempt to ascertain the identity of the offending driver until the latter was making good his escape. It appears reasonable to suppose that had the accident happened in the manner described by defendant cab driver, he could have given a more adequate description of the third person and his vehicle.
Of a certainty the trial judge did not believe the cab driver’s statements, else judgment would have gone in favor of the defendants. We have carefully read the record and have analyzed every word of *319 testimony in it, and we are unable, as was the trial judge, to give enough credence to the testimony of the cab driver to accept his statement of the accident as being the truth.
Though a witness be unimpeached, there is no presumption of law that we know of to the effect that he has testified truthfully. In Wigmore on Evidence, Third Edition, Vol. VII, sec. 2034, pp. 260, 261, this language is found:
“ * * * the mere assertion of any witness does not of itself need to be believed, even though he is unimpeach-ed in any manner; because to require such belief would be to give a quantitative and impersonal measure to testimony.”
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.